# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

UNITED STATES OF
AMERICA

v.

MARK MASON
ALEXANDER.

CRIMINAL ACTION FILE
NO. 4:11-CR-036-01-HLM

## ORDER

This case is before the Court on Defendant's Motion to Suppress Evidence [41], on Defendant's Supplemental Motion to Suppress Evidence ("Supplemental Motion") [50],[1] on the Non-Final Report and Recommendation of United

---

[1] Defendant's counsel erroneously filed the Supplemental Motion as a supplemental brief. (Docket Entry No. 47.) The Clerk corrected the error and re-docketed the brief as a Motion. (Docket Entry No. 50.)

States Magistrate Judge Walter E. Johnson [59], and on Defendant's Objections to the Non-Final Report and Recommendation [62].

I. **Standard of Review**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896

AO 72A
(Rev.8/82)

F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review regardless of whether a party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

The Court previously entered an Order adopting a previous Non-Final Report and Recommendation and denying Defendant's Motion to Suppress Statements.

AO 72A
(Rev.8/8
2)

(Order of May 16, 2012.) The Court incorporates the Background portion of its May 16, 2012 Order into this Order as if set forth fully herein, and adds only those background facts that are relevant to the instant Motions.

On April 2, 2012, Defendant filed his Motion to Suppress Evidence. (Docket Entry No. 41.) Defendant sought to suppress all fruits of (1) the allegedly unlawful stops, searches, and seizures of Defendant's person and property upon returning to the United States from abroad;[2] and (2) any statements that Defendant is alleged to have

---

[2] As Judge Johnson pointed out, the transcript from Judge Johnson's February 9, 2012 Jackson-Denno hearing shows that Defendant was the subject of two border searches: (1) a search that occurred on July 3, 2008 at Hartsfield-Jackson International Airport in Atlanta, Georgia; and (2) a search that occurred on March 16, 2010 at the Orlando International Airport. (Non-Final Report and Recommendation at 2 n.2.)

4

made, on the grounds that those statements were the fruit of the unlawful seizure.

On April 17, 2012, Judge Johnson addressed Defendant's Motion to Suppress Evidence during a telephone pretrial conference on April 17, 2012. (Docket Entry No. 44.) During that conference, counsel for the Government represented that the Government would not offer at trial any evidence obtained from the border searches conducted of Defendant's person and property.[3] Judge Johnson asked Defendant's counsel whether the Motion to Suppress Evidence was moot, directed defense counsel to supplement the Motion within ten days, and

---

[3] Judge Johnson correctly noted that none of the statements that the Government identified at the <u>Jackson-Denno</u> hearing were made by Defendant during a border search. (Non-Final Report and Recommendation at 2 n.3.)

5

cautioned counsel that, if counsel failed to supplement the Motion as directed, the Motion would be denied.

On April 26, 2012, Defendant filed a Supplemental Motion to Suppress Evidence, arguing that: (1) per the discovery provided, the Government will be unable to move forward with at least two overt acts described in the Indictment if it does not introduce evidence obtained from the border searches; (2) the other evidence in the case, including physical evidence and statements made by Defendant, is so interconnected and without sufficient attenuation from the border searches to be admissible as evidence from an independent source; and (3) because the origin of much of the evidence is vague and unclear, a hearing is necessary to determine what evidence was

AO 72A
(Rev.8/82)

discovered during the border searches. (Docket Entry No. 50.) The Government filed a response opposing the Motion. (Docket Entry No. 49.) Defendant then filed a reply reiterating his previous arguments. (Docket Entry No. 51.)

On June 18, 2012, Judge Johnson issued his Non-Final Report and Recommendation. (Docket Entry No. 59.) Judge Johnson recommends that the Court deny Defendant's Motion to Suppress Evidence and Defendant's Supplemental Motion. (Id.)

Defendant has filed Objections to the Non-Final Report and Recommendation. (Docket Entry No. 62.) The Court finds that no response from the Government is necessary, and concludes that this matter is ripe for resolution.

## III. Discussion

The Court finds that Judge Johnson properly recommended that the Court deny Defendant's Motion to Suppress Evidence and Supplemental Motion. As Judge Johnson pointed out, Defendant complains about two warrantless searches and seizures that occurred when Defendant entered the United States at the Atlanta and Orlando international airports, and Defendant contends that agents had no probable cause to believe that Defendant was transporting contraband. (Non-Final Report & Recommendation at 4.) Judge Johnson correctly noted, however, that "warrantless searches at international borders of the United States may be conducted without any suspicion of criminal activity." (Id. (collecting cases).)

AO 72A
(Rev.8/8 2)

Moreover, as Judge Johnson noted, "[a] border search may also be conducted at any place which constitutes the functional equivalent of the border," and both the Atlanta and Orlando international airports are the functional equivalents of the border. (Id. at 5.) Judge Johnson correctly recognized that, because "the Government's agents did not need probable cause to seize [Defendant] and search his personal property at the border, there was no violation of his Fourth Amendment rights." (Id. at 5-6.)[4] Further, Judge Johnson also properly noted, "given that the

---

[4] In his Objections, Defendant argues that "the multiple searches that occurred exceeded what has been allowed for routine border searches and were pretextual and excessive in both duration and location." (Def.'s Objections at 4.) The Court finds that the border searches at issue here were, as Judge Johnson concluded, simply routine border searches, and that these issues did not warrant a hearing. The Court therefore overrules this portion of Defendant's Objections.

9

AO 72A
(Rev.8/82)

Government has represented that any evidence seized from [Defendant] or any statements that he may have made during those border searches will not be utilized in this prosecution, there is nothing for this Court to suppress." (Id. at 6.)[5]

Further, Judge Johnson correctly noted that none of the arguments raised by Defendant in his Supplemental Motion changed that result. (Non-Final Report & Recommendation at 6.) As Judge Johnson pointed out, "it is clear from the exhibits attached to the Government's Response that the

---

[5]Because the Government has represented that it will not use the evidence seized from Defendant during the border searches, or any statements obtained during those searches, in this prosecution, Judge Johnson properly found that Defendant's request to suppress this evidence was moot. The Court consequently overrules this portion of Defendant's Objections. (Def.'s Objections at 5.)

10

Indictment does not rely upon evidence obtained solely from border searches." (Id.) Further, Judge Johnson correctly concluded that the independent source and attenuation doctrines were inapplicable "because there was no violation of [Defendant's] Fourth Amendment rights at the two border searches." (Id.)[6] Finally, Judge Johnson correctly determined that no hearing was necessary. (Id. at 6-7.)[7]

---

[6]"Under the 'independent source' doctrine, the challenged evidence is admissible if it was obtained from a lawful source, independent of the illegal conduct." United States v. Davis, 313 F.3d 1300, 1303 (11th Cir. 2002) (per curiam). The "attenuation doctrine" makes challenged evidence admissible "if the causal connection between the constitutional violation and the discovery of the evidence has become so attenuated as to dissipate the taint." United States v. Terzado-Madruga, 897 F.2d 1099, 1113 (11th Cir. 1990).

[7]In his Objections, Defendant argues that much of the evidence in this case is intertwined, and that a hearing was necessary to resolve this issue. (Def.'s Objections at 6.) The Court finds that Judge Johnson properly evaluated Defendant's arguments and correctly applied the relevant law. The Court further agrees with Judge Johnson that no hearing was necessary to

11

AO 72A (Rev.8/82)

For the reasons discussed above, the Court agrees with Judge Johnson that Defendant's Motion to Suppress Evidence and his Supplemental Motion are due to be denied. The Court consequently adopts the Non-Final Report and Recommendation, overrules Defendant's Objections to the Non-Final Report and Recommendation, and denies Defendant's Motion to Suppress Evidence and Supplemental Motion.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [59], **OVERRULES** Defendant's Objections to the Non-Final Report and Recommendation

---

resolve this issue, and overrules this portion of Defendant's Objections.

AO 72A
(Rev.8/82)

[62], **DENIES** Defendant's Motion to Suppress Evidence [41], and **DENIES** Defendant's Supplemental Motion to Suppress Evidence [50].

IT IS SO ORDERED, this the 3rd day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE

AO 72A (Rev.8/82)